**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven M. WEBER, Defendant–
Appellant.**

No. 07–2851.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2008.*

Decided May 16, 2008.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Richard H. Parsons, Office of the Federal Public Defender, Peoria, IL, A. Brian Threlkeld, Office of the Federal Public Defender, Urbana, IL, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge, JOHN L. COFFEY, Circuit Judge, DIANE P. WOOD, Circuit Judge.

### ORDER

Steven Weber pleaded guilty to a single count of wire fraud. *See* 18 U.S.C. § 1343. The district court sentenced him to 36 months' imprisonment and 5 years' supervised release, and ordered him to pay $178,464 in restitution. The court directed Weber to pay at least $200 per month while on supervised release but set no payment schedule for his term of imprisonment. The court also ordered Weber to participate in the Inmate Financial Responsibility Program.

On appeal Weber argues only that the district court committed plain error by failing to set a restitution payment schedule for his period of incarceration. Weber filed his brief before we decided *United States v. Sawyer*, 521 F.3d 792, 793–94 (7th Cir.2008). In that decision we held that if a defendant cannot pay immediately the sentencing court should set a payment schedule to begin after the defendant's release from prison. *Id.* at 795–95. Payments during the term of incarceration should be handled through the Bureau of Prisons, not the courts. *Id.* at 795–96. In his reply brief, filed after the *Sawyer* decision, Weber concedes that his argument is now foreclosed by that decision. Accordingly, we conclude that the district court did not err by setting a payment schedule to begin after Weber's release from incarceration.

AFFIRMED.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).